Amir J. Goldstein (SBN 255620)
The Law Offices of Amir J. Goldstein, Esq.
E-mail: ajg@consumercounselgroup.com
7304 Beverly Boulevard, Suite 212
Los Angeles, CA 90036
Telephone: (323)937-0400
Fax: (866) 288- 9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZ ROZEN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EXPEDIA, INC., JPMORGAN CHASE BANK, N.A. and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | CASE NO.:　2:25-cv-1125<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

　　　Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendants EXPEDIA, INC. and JPMORGAN CHASE BANK, N.A. alleges as follows:

**INTRODUCTION**

　　　1.　　Defendant Expedia, Inc. is an online travel agency that can be used to book airline tickets, hotel reservations and other vacation packages on its website: www.expedia.com.

　　　2.　　Defendant Expedia, Inc. claims to "facilitate connections between travelers and our partners that truly bring good into the world."

---

1

**CLASS ACTION COMPLAINT**

3. However, when flights are cancelled and refunds are promised to consumers like the Plaintiff, Defendant Expedia, Inc. fails to act timely on behalf of its consumers so that adequate reimbursements are ultimately withheld.

4. Upon information and belief, Defendant JP Morgan Chase Bank, N.A. knowingly and recklessly uses the policies of Defendant Expedia, Inc. to its advantage by failing to properly credit its consumers like the Plaintiff for its own benefit and profit.

5. This deceptive practice has unjustly enriched Defendants by millions of dollars at consumers' expense.

6. This is a nationwide class action by Plaintiff and all other persons similarly situated who were damaged by Defendants based on false, misleading, and deceptive business practices. Plaintiff alleges violations under: (1) the Fair Credit Billing Act or 15 U.S.C. §1666 ("FCBA"); (2) the Truth in Lending Act or 15 U.S.C. §§1601, et seq. ("TILA"); (3) the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"); (4) California Civil Code § 1750 et seq., ("The Consumers Legal Remedies Act"); (5) breach of contract; (6) breach of good faith and fair dealing; and (7) California Business and Professions Code §17200, et seq.

**THE PARTIES**

7. Plaintiff is a natural person residing in Los Angeles County, California. At all times mentioned herein, Plaintiff was a customer of Defendants Expedia, Inc. and JP Morgan Chase Bank, N.A.

8. Defendant Expedia, Inc. ("Defendant Expedia") is a Washington corporation that regularly conducts business in this district. Defendant Expedia is registered with the California Secretary of State and has a registered corporate agent located in this district.

9. Defendant JPMorgan Chase Bank, N.A. ("Defendant Chase") is a "debt collector" and "creditor" as defined by the Rosenthal Act, Cal. Code §1788.2. Defendant Chase is registered with the California Secretary of State and has a registered corporate agent located in this district.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §1666, 15 U.S.C. § 1601 and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. §1367.

11. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from the Defendants.

12. This Court has supplemental jurisdiction over the state law claims in this matter pursuant to 28 U.S.C. § 1367(a), as such causes of action are so related to the claims in the action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, at all relevant times, Defendants Expedia and Chase continuously transacted business in this district and provided services to consumers who reside in this district.

**FACTUAL ALLEGATIONS**

14. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

15. That on or about July 15, 2024, Plaintiff purchased six (6) airline tickets (under Expedia Itinerary: 72876253788210) from Defendant Expedia on www.expedia.com.

16. That Plaintiff incurred a charge of approximately $5,246.55 on his credit card ending in x2896 with Defendant Chase for said airline tickets and other related charges.

17. That on or about August 8, 2024, Defendant Expedia notified Plaintiff and his travel companions that the flights previously booked under Expedia Itinerary: 72876253788210 were cancelled.

18. That on or about August 10, 2024, Plaintiff, with the help of his son-in-law, Yekutiel, booked another flight for the same destinations under the same itinerary number

1  (Expedia Itinerary: 72876253788210).

2       19.    That subsequently, on or about August 10, 2024, Defendant Expedia confirmed
3  said itinerary.

4       20.    That on or about September 23, 2024, Defendant Expedia notified Plaintiff and his
5  travel companions that the re-booked flights were cancelled yet again.

6       21.    That same day, on September 23, 2024, Plaintiff (with the assistance of his son-in-
7  law, Yekutiel) immediately requested a refund from Defendant Expedia for the charges Plaintiff
8  incurred on his Chase credit card for the now-cancelled flights.

9       22.    That Defendant Expedia confirmed that a full refund would be issued back to
10  Plaintiff's credit card ending in x2896 with Defendant Chase due to the flight cancellation.

11       23.    That according to an email dated September 23, 2024, Defendant Expedia stated
12  the following, in pertinent part: "I would like to confirm that we have cancelled your round trip
13  to LAX Tue, Oct 8- Thu, Oct 31 Itinerary 72876253788210 for a full refund of an amount of
14  $5,246.55 USD due to flight cancellation. The refund amount will be back to your original form
15  of payment within 7-10 business days."

16       24.    That on or about October 6, 2024, Defendant Expedia claimed that the previous
17  request for a refund was not yet processed.

18       25.    That on or about October 6, 2034, Defendant Expedia resubmitted another request
19  for a refund to Plaintiff's credit card ending in x2896 with Defendant Chase.

20       26.    That according to an email dated October 6, 2024, Defendant Expedia stated the
21  following, in pertinent part: "…you will receive a full refund back due to airlines schedule
22  change to your credit card within 7-10business days.") (sic)

23       27.    That as of October 20, 2024, no refund was issued by Defendant Expedia.

24       28.    That on or about October 20, 2024, Plaintiff contacted Defendant Chase to dispute
25  the charges previously incurred on www.expedia.com.

26       29.    That on or about October 21, 2024, Plaintiff received notification from Defendant
27  Chase that credits relating to the charges made by Defendant Expedia would be issued back to
28  his credit card.

**CLASS ACTION COMPLAINT**

30. That on or about November 8, 2024, despite its previous assurances, Defendant Chase notified Plaintiff that the previously disputed charges were valid.

31. That on or about November 25, 2024, Plaintiff disputed the underlying charges with Defendant Chase yet again, by mailing Defendant Chase a detailed letter, including a timeline of events, and providing Defendant Chase with documentation to demonstrate that a full refund was due and warranted.

32. That in a letter to Plaintiff dated December 10, 2024, Defendant Chase stated the following in pertinent part: "Based on the information available, we found that a significant amount of time has passed since the date of the charge. Despite our efforts, the merchant is not willing to credit your account."

33. That in said letter, Defendant Chase went on to state the following, in pertinent part: "The merchant isn't required to credit your account because the charge took place too long ago."

34. That as a result, Defendant Chase advised Plaintiff that the disputed charges were valid and would be included in the balance on Plaintiff's next billing statement.

35. That despite Plaintiff's efforts, Defendants failed to properly investigate his disputes and properly refund Plaintiff the amounts he was entitled to.

36. That Defendants failed to account for delays that they caused and failed to rectify the issues they created.

37. That upon information and belief, Defendants made false, misleading and deceptive representations.

38. That upon information and belief, Defendants provided inaccurate and conflicting information regarding Plaintiff's account and mischaracterized the status of Plaintiff's debt.

39. That the communications made by Defendants contained misleading and overshadowing language, confusing the Plaintiff as to his consumer rights.

40. That as a result of Defendants' conduct, Plaintiff and others similarly situated, have been damaged.

**AS AND FOR A CAUSE OF ACTION AGAINST
DEFENDANTS EXPEDIA AND CHASE**

41. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The Fair Credit Billing Act or 15 U.S.C. §1666 ("FCBA") requires prompt written acknowledgment of consumer billing complaints and investigation of billing errors by creditors. The Act also requires that creditors promptly post payments to the consumer's account, and either refund overpayments or credit them to the consumer's account.

43. That by their acts and practices as hereinabove described, the Defendants violated the FCBA as follows, without limitation:

    (a)    By failing to make appropriate corrections on Plaintiff's credit account;

    (b)    By committing multiple billing errors; and

    (c)    By taking improper actions to collect on erroneous charges.

44. That as a result of Defendants' unlawful conduct, Plaintiff suffered damages.

45. That Defendants are liable for statutory penalties and actual damages sustained because of the Defendants' violations of the FCBA as well as attorneys' fees and costs.

**AS AND FOR A CAUSE OF ACTION AGAINST
DEFENDANTS EXPEDIA AND CHASE**

46. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

47. The Truth in Lending Act or 15 U.S.C. §§1601, et seq. ("TILA") was enacted and amended over the years by Congress "to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. §1601(a).

48. By their acts and practices as hereinabove described, the Defendants have violated the TILA as follows, without limitation:

    (a)    By failing to make the proper allocations, adjustments and/or timely credits to Plaintiff's account; and

  (b) By causing various inaccuracies to appear on Plaintiff's credit card account, including but not limited to: improper finance charges, erroneous transaction dates and inaccurate charges and adjustments.

49. That the Plaintiff detrimentally relied on Defendants' misrepresentations and as a result, suffered damages.

50. Pursuant to 15 U.S.C.§1640, Defendants are liable for statutory penalties and actual damages sustained as a result of the Defendants' violations of TILA as well as attorneys' fees and costs.

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT CHASE

51. The Plaintiff repeats and realleges each and every allegation set for above as if reasserted and realleged herein.

52. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

53. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

  (a) By attempting to collect on an invalid debt;

  (b) By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation;

  (c) By making threats to take actions against the debtor which is prohibited by said title; and

  (d) By making false and deceptive misrepresentations.

54. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other

resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

55. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

56. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS EXPEDIA AND CHASE

57. That the Consumer Legal Remedies Act ("CLRA") or Cal. Civ. Code §1750, et seq. protects consumers against unfair and deceptive business practices and provides efficient and economical procedures to secure such protection.

58. That Defendants, by engaging in the acts hereinabove described, have committed violations of the CLRA.

59. That the Defendants are "persons" within the meaning of Cal. Civ. Code § 1761(c).

60. That the Plaintiff is a "consumer" within the meaning of Cal. Civ. Code § 1761(d).

61. That the products and services marketed and sold by Defendants are "goods" and "services" within the meaning of Cal. Civ. Code § 1761(a) and (b), respectively.

62. That the purchase of goods at issue here constitutes a "transaction" within the meaning of Cal. Civ. Code § 1761(e).

63. That the purchase of goods at issue here was for personal, family and household purposes within the meaning of Cal. Civ. Code § 1761(d).

64. That venue is proper because a substantial number of unlawful transactions occurred in this district.

65. That Defendants intentionally deceived Plaintiff and continued to deceive the

1  public by misrepresenting its refund policies, failing to honor said policies (as required by law)
2  and by misrepresenting and failing to adequately disclose material information about the true
3  policies behind their respective goods and services.

4      66.    That the Plaintiff contacted Defendants to notify them of their unlawful conduct
5  pursuant to Cal. Civ. Code § 1782, et seq.

6      67.    That Defendants have a duty to adequately disclose information to its consumers,
7  like the Plaintiff.

8      68.    That the Defendants' misrepresentations and nondisclosures deceive, and have a
9  tendency to deceive, the general public.

10      69.    That the Defendants' misrepresentations and nondisclosures are material, insofar
11  as a reasonable person would attach importance to said information and would be induced to act
12  on said information in making purchase decisions.

13      70.    That the Plaintiff reasonably relied on Defendants' misrepresentations and would
14  not have purchased goods from the Defendants had he known the truth.

15      71.    That as a result of Defendants' conduct, Plaintiff and class members have been
16  damaged.

**AS AND FOR A CAUSE OF ACTION AGAINST
DEFENDANTS EXPEDIA AND CHASE**

20      72.    The Plaintiff repeats and realleges each and every allegation set forth above as if
21  reasserted and realleged herein.

22      73.    That the Defendants breached their contracts with the Plaintiff by the following
23  acts which include, but are not limited to: making various misrepresentations regarding the status
24  of various charges, refunds and/or credits; failing to make the proper adjustments and/or credits
25  on the Plaintiff's account; failing to properly investigate and resolve Plaintiff's disputes; and for
26  failing to provide proper disclosures.

27      74.    That the Plaintiff suffered damages as a result of the Defendants engaging in the
28  acts hereinabove described.

**AS AND FOR A CAUSE OF ACTION
AGAINST DEFENDANTS EXPEDIA AND CHASE**

75. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

76. That Defendants, by engaging in the acts hereinabove described, have violated the covenant of good faith and fair dealing.

77. That Defendants abused their discretion by imposing various fees and charges on its customers, like the Plaintiff, and by failing to properly refund said charges per policy.

78. That upon information and belief, Defendants impose extra fees and hidden surcharges on customers like the Plaintiff as a covert way of increasing profits.

79. That Defendants' conduct defied the reasonable expectations of consumers, like the Plaintiff.

80. That Defendants' conduct was objectively unreasonable, arbitrary and in bad faith and therefore has the effect of denying consumers like the Plaintiff the full benefit of their bargain with the Defendants.

81. That Plaintiff performed all of his obligations toward the Defendants, whereas there is no legitimate excuse or defense for Defendants' conduct.

82. That as a result of Defendants' conduct, Plaintiff and class members have been damaged.

83. That because Defendants cannot find any grounds to excuse their abuses of discretion, they cannot preclude the Plaintiff for recovering for Defendants' breaches of good faith and fair dealing.

**AS AND FOR A CAUSE OF ACTION
AGAINST DEFENDANTS EXPEDIA AND CHASE**

84. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

85. The California Business and Professions Code §17200, et seq., prohibits unfair

competition, which includes any unlawful, unfair or fraudulent business act.

86. That Defendants, by engaging in the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

87. That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

88. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendants' conduct.

89. That the Defendants have been unjustly enriched by committing said acts.

90. That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages.

91. That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

92. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

## CLASS ALLEGATIONS

93. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

94. This action is brought on behalf of Plaintiff and the members of a class.

95. That the class consists of all persons whom Defendant Expedia's records reflect visited Defendant's website to purchase airline tickets that were subsequently cancelled, were misled based on Defendant Expedia's misrepresentations and paid for charges that were not properly refunded by Defendant Expedia despite previous assurances.

96. That upon information and belief, Plaintiff alleges that the number of putative Class Members in the class exceeds five million and that the aggregate overcharges in each putative Class exceed $10 million, exclusive of interest and costs.

97. There is a special and compelling need for nationwide class certification. The relatively small dollar amounts charged to each consumer make individual actions uneconomical. Therefore, it is extremely unlikely that individual claims will be brought against Defendant Expedia. Defendant Expedia would not be able to retain its ill-gotten gains in the absence of a nationwide class action.

53. There is an acute danger of inconsistent verdicts in other states if class certification is limited to California. This is the type of case that needs to be adjudicated once for the entire nation. Any state law variations fall into a limited number of predictable patterns and do not render the action unmanageable if it is certified as a nationwide class action.

54. The choice of California as the forum for the nationwide class action is not arbitrary or unfair. Plaintiff resides in California. The contacts with California are more significant than any other state, including the fact that California is the most populous State with approximately 12% of the population of the United States and therefore it is likely that there are more Class Members in California than any other State.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the facts that the unlawful conduct by Defendant Expedia, including Defendant Expedia's deceptive practices and false promises, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members including:

    i. Whether Defendant Expedia's sales practices, as alleged herein, are unjust and unreasonable in violation of the law;

    ii. Whether Defendant Expedia's website adequately discloses all terms, fees, and conditions of purchases to consumers as required under the law;

    iii. Whether Defendant Expedia was unjustly enriched by the withholding monies from consumers;

        iv.        Whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

        v.        Whether Defendant Expedia should be enjoined from the unlawful practices alleged herein.

(C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendant Expedia.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories. All putative Class Members have suffered identical injuries.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

56. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing consumer protection statutes and other laws. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. All applicable notice deadlines and statutes of limitations have been tolled by the delayed discovery rule.

58. That as this case progresses and the parties engage in discovery exchange, the putative Class will be subject to further definition and refinement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative Class Members pray for the following relief:

1. An order certifying the class defined above, appointing Plaintiff as class

representative and appointing his attorney as class counsel;

2. Equitable and injunctive relief;

3. Restitution;

4. Judgment for damages, including actual, statutory, treble and punitive, where applicable;

5. Pre- and post-judgment interest on the above amount;

6. Attorney's fees and costs of this action; and

7. For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant(s) and its agents, employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

**Plaintiff requests trial by jury on all issues so triable.**

Dated: February 10, 2025                    AMIR J. GOLDSTEIN, ESQ.

　　　　　　　　　　　　　　　　　　　　　　　　 /S/ Amir J. Goldstein
　　　　　　　　　　　　　　　　　　　　　　　Amir J. Goldstein, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff